Thomson, P: 3 .
On the 18th day .of November, 1899, Virginia A. Lowe and James A. Lowe presented to the county court of Arapahoe county a document styled a petition, in which they excepted to a report which they alleged had been filed in that court by their guardian, Honora A. Smith, on the ground that it was ambiguous, uncertain and inaccurate, and contained items that the guardian should not be credited with. The exceptions were sustained by the county court and *274 an appeal taken by tbe guardian to the district court, where, upon a hearing had, one item of the report was disallowed hut credit was given her for additional items, showing moneys properly expended by the guardian for her wards. By this ruling these items became part of her report, and the remaining items were found correct. The whole was then approved and a decree entered in favor of the guardian. The petitioners appealed to this court.
The abstract first filed here, did not contain the report, and leave was given the appellants to file a supplemental abstract of the record in which it should appear. A purported supplemental abstract has been filed, and it contains a statement of what counsel alleges to be the report in question, without showing-on the margin or elsewhere the’ folio numbers of the transcript, as required by our rule, but referring us for information to the brief of the appellee. We have examined the certified transcript of the record, and the alleged report is not there. The report as made should have been incorporated into the record. The report and the exceptions constitute the pleadings in the ease, and are an indispensable portion of the record. The statements in the brief of appellee’s counsel, and the adoption of those statements in behalf of the appellants, cannot supply the place of an authenticated record. We are unable to pass upon questions which are not legitimately before us. To enable us to determine whether the report is ambiguous or uncertain, or to understand what facts were in controversy, an inspection of the report, duly authenticated as being the report actually made, is necessary.
An examination of the evidence which has been preserved convinces us that the guardian dealt with her wards in the utmost good faith. Her good faith, however, would not necessarily protect her against *275 the consequences of a failure to observe- statutory requirements, or to make suck report of her doings as the statute prescribes; but the condition of the record leaves us at sea, and disables us from determining anything. All we can do is to fall back on the presumption that the decree rendered below was justified by the facts and record before the court. It is but just to say that the counsel who now represents appellants did not participate in the trial or appeal.
The judgment is affirmed.

Affirmed.